TATUM v. FULTON et al.    (No. 1068.)

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1920.)

1. APPEAL AND ERROR ☞173(6) — THAT A LEASE WAS VOID OR REVOCABLE CANNOT BE FIRST RAISED ON APPEAL.

That a lease is unilateral and subject to revocation for reasons stated in petition cannot be first raised on appeal.

2. MINES AND MINERALS ☞58 — MINERAL LEASE HELD NOT VOID FOR WANT OF MUTUALITY.

Mineral lease giving lessee option of commencing a well on the land during the year or paying a rental for privilege of deferring commencement of well for another year held not void for want of mutuality, since lessee upon failure to commence well during the year, paid lessor a cash consideration for extension of lease for another year.

3. MINES AND MINERALS ☞75—DEPOSIT OF REQUIRED AMOUNT HELD TO EXTEND PERIOD OF LEASE NOTWITHSTANDING BANK'S FAILURE TO CREDIT AMOUNT TO LESSOR.

Where mineral lease provided for extension of lease upon lessee's payment of certain amount by certain date to lessor's credit in designated bank, lessee's deposit of required amount during specified time to designated bank was sufficient to extend lease, notwithstanding bank's failure, through negligence of employé, to credit lessor with such amount during such period; the dereliction of the bank not being chargeable to the lessee.

4. MINES AND MINERALS ☞75—DEPOSIT OF CHECK IN BANK TO LESSOR'S CREDIT WAS SUFFICIENT TO EXTEND LEASE AS AGAINST OBJECTION THAT ACTUAL MONEY SHOULD HAVE BEEN DEPOSITED.

Lessee's deposit of check in designated bank to lessor's credit for extension of lease under provision of lease providing therefor held sufficient to extend term of lease as against objection that actual money was not deposited, where lease did not require deposit to be made in coin or currency.

Appeal from District Court, Callahan County; Joe Burkett, Judge.

Suit by H. B. Tatum against E. C. Fulton and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Kinder & Russell, of Plainview, for appellant.

Kirby, King & Keeble, of Abilene, and W. R. Ely, of Baird, for appellees.

HIGGINS, J. Appellant, Tatum, brought this suit against E. C. Fulton and T. E. Powell, assignee of Fulton, to cancel and set aside a mineral lease theretofore given by Tatum to Fulton, covering certain land in Callahan county. The lease in question was dated December 5, 1917. In consideration of $84 cash, Tatum thereby granted a mineral

lease to Fulton upon the land for a period of five years. It was provided therein that, if no well was commenced on the land before December 5, 1918, the lease should terminate unless the lessee on or before that date should pay or tender to the lessor, or to the lessor's credit in the Home National Bank at Baird, Tex., the sum of $84, which should operate as rental and cover the privilege of deferring the commencement of a well for 12 months from that date. The cash consideration recited in the lease covered not only the privileges granted to the date the first rental was payable, but also the lessee's option to extend that period as aforesaid and all other rights conferred upon the lessee under the contract. Avoidance of the lease was sought upon the following grounds:

First. That it was wanting in mutuality in that it was optional with the lessee and his assigns whether they should commence a well on the land or pay a rental; said lessee and his assigns not being obligated to do either.

Second. That no well was commenced on the land by December 5, 1918, and defendants had failed to pay the sum of $84 for the 12 months' extension privilege on or before December 5, 1918, nor placed such amount to plaintiff's credit in the Home National Bank.

The case was tried before the court without a jury, and judgment rendered for the defendants.

[1, 2] It is first assigned as error that the lease is unilateral and subject to revocation for the reasons stated in the petition. There were no assignments of this nature filed in the court below, and in absence thereof this question is not entitled to consideration. Nevertheless it is without merit, for the reason that the court found that prior to December 5, 1918, defendant, Powell, presented his check for $84 against his account to the cashier of the Home National Bank, and the cashier received the check and entered a deposit to the credit of Tatum by making out a duplicate slip in original and carbon duplicate and placed the original slip upon the hook for said slips in the bank at that time, and that the bank marked Powell's check paid on December 3, 1918, and that at all times since December 2, 1918, there had been deposited and is now upon deposit to the credit of Tatum in said bank the said sum of $84. The payment of said sum of $84 as found by the court was a consideration for the extension of the lease for the period of one year from December 5, 1918, and it cannot be said in view of this finding that the contract was wanting in mutuality.

It is further assigned as error that the court's finding of fact above indicated is contrary to the evidence. This contention is based upon the fact that it appears that subsequent to the date of the deposit Tatum drew his check for $84 upon the bank, which was dishonored, with the explanation that Tatum had no funds upon deposit there. It appears that for some reason, which is not clearly explained, the bank's bookkeeper had failed to enter upon the bank's books to Tatum's credit the $84 deposit made by Powell in the manner indicated above; hence, when the check was presented, it appeared from the books of the bank that he had no credit there and the check was dishonored.

[3] The Home National Bank was the depository designated in the lease contract, and the dereliction of the bank in failing to enter upon its books the proper credit in Tatum's favor of the deposit made by Powell is in no wise chargeable to Powell. Texas Co. v. Wimberly, 213 S. W. 286.

Powell complied with the condition of the lease contract when he deposited the $84 with the bank for Tatum's account. The bank was the designated depository, and when he made the deposit with the bank he complied with the contract, and is not to be deprived of his rights under the contract, because the bank failed to discharge the duty which it owed Tatum of entering the deposit upon its books to Tatum's credit.

[4] It is further contended by the appellant that Powell did not comply with the contract because he did not deposit the $84 in money; in other words, that payment by check in the manner heretofore indicated did not comply with the contract. This position is untenable. The contract did not require that the deposit should be made in coin or currency. Payment by check in the manner indicated was sufficient.

Affirmed.